# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1803V
(not to be published)

| | |
|---|---|
| ORIE E. FINK,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: April 1, 2024<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Michael E. Megrey*, Woomer & Talarico, LLC, Pittsburgh, PA, for Petitioner.

*Claudia Barnes Gangi*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On September 3, 2021, Orie E. Fink filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration resulting from an influenza vaccine received on October 17, 2019. Petition at 1. On August 21, 2023, a decision was issued awarding compensation to Petitioner based on the parties' stipulation. ECF No. 37.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed motion for attorney's fees and costs, dated November 21, 2023 (ECF No. 42), requesting a total award of $22,693.09 (representing $15,009.00 in fees and $7,684.09 in costs). Petitioner also filed a signed statement indicating that he incurred no out-of-pocket expenses. ECF No. 42-3. Respondent reacted to the motion on December 1, 2023, representing that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. ECF No. 43. Petitioner did not file a reply thereafter.

On February 12, 2024, a scheduling order was filed requesting additional information needed to resolve the motion. ECF No. 45. Petitioner filed the requested documentation on February 28, 2024. ECF No. 46. Respondent did not file a response to Petitioner's Motion to Supplement Pleadings.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reason listed below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1.

Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Petitioner requests compensation for attorney Michael E. Megrey at the rate of $400.00 per hour, and for attorney Angel D'Amico at the rate of $250.00 per hour, both for work performed in the 2021-23 timeframe. ECF No. 42. Ex. 1. Mr. Megrey has been a licensed attorney since 2012, placing him in the range of attorneys with 8 - 11 years' experience based on the Attorney's Hourly Rate Schedules.[3][4] His requested rate is withing the appropriate ranges and I find no adjustment is warranted.

The requested rate for attorney D'Amico, however, will require adjustment. It does not appear that this attorney is licensed to practice in the Court of Federal Claims. An attorney who is not admitted to practice before this Court is not eligible to collect fees at an admitted attorney's rate for his work. *See Underwood v. Sec'y of Health & Human Servs.*, No. 00-357V, 2013 WL 3157525, (Fed. Cl. Spec. Mstr. May 31, 2013).

As such, the time billed by attorney D'Amico must be compensated at non-attorney rates. I shall reduce those rates to the following: $172 per hour for 2021, $177 per hour for 2022, and $186.00 per hour for 2023.These rates are more in line to that of a supporting paralegal in the Vaccine Program. This results in a reduction of the attorney fees requested in amount of **$1,012.60.**[5]

## ATTORNEY COSTS

Petitioner requests $7,684.09 in overall costs. ECF No. 42 at 1. This amount is comprised of obtaining medical records, shipping costs the Court's filing fee, and expert costs incurred by Petitioner's expert Jeffrey Fudin, M.D. I have reviewed the requested costs and find them to be reasonable, and they shall be awarded in full.

---

[3] Independently verified. https://www.avvo.com/attorneys/15216-pa-michael-megrey-4231942.html

[4] The forum rates in the Vaccine Program are derived from the OSM Attorney's Forum Hourly Rate Schedules for years 2015 - 2021 available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914.

[5] This amount consists of ($225 - $163 = $62 x 11.2hrs = $694.40) + ($225 - $172 = $53 x 12.8hrs = $678.40) + ($275 - $177 = $98 x 0.20hrs = $19.60) = $1,392.40.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion for attorney's fees and costs. I award a total of **$21,680.49** (representing $13,996.40 in fees and $7,684.09 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[6]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.